■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND SPECKMAN, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph Cerbone, J., at suppression hearing, plea and sentence), rendered September 10, 1987, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and attempted burglary in the

third degree, and sentencing him, as a second felony offender, to two concurrent indeterminate terms of from 2 to 4 years' imprisonment, unanimously affirmed.

Contrary to defendant's assertions, a review of the record reveals that the hearing court properly denied defendant's motion to suppress evidence. The police had a duty to approach and inquire as to defendant's vehicle. It was illegally parked, half on the sidewalk, in a deserted neighborhood in the early morning hours and litter was being thrown from the passenger side of the opened vehicle. Because the gun subsequently recovered from the defendant was in "plain view", it was therefore properly seized (see, People v Bronston, 68 NY2d 880; People v De Bour, 40 NY2d 210; People v Ingle, 36 NY2d 413).

Because there is no basis for disturbing the hearing court's denial of the defendant's motion to suppress (see, People v Rogers, 48 NY2d 167; People v Pascale, 48 NY2d 997), we do not reach defendant's unpreserved contention that reversal by this court, granting defendant's motion to suppress and dismissing the weapons indictment, would require vacatur of defendant's plea to attempted burglary, which was induced by the promise of a concurrent sentence. In any event, the plea to the attempted burglary charge was not conditioned upon the propriety of the court's suppression ruling. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.